UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**Penny Spradlin**,

    Plaintiff,

vs.

**Village Manor/Riverside Apartments**, et al.,

    Defendants.

Case No. 05-CV-435
Judge Gregory L. Frost
Magistrate Judge Kemp

## OPINION & ORDER

Plaintiff Penny Spradlin ("Spradlin") moves the Court for a temporary restraining order pursuant to Fed. R. Civ. P. 65(b). (Doc. # 2).

### BACKGROUND

The following recitation of the facts is set forth for the limited purpose of addressing the motion for a temporary restraining order. The parties should note that findings of fact and conclusions of law made by a district court in granting a temporary restraining order are not binding at a trial on the merits. *See United States v. Edward Rose & Sons*, 384 F.3d 258, 261 (6th Cir. 2004) (discussing preliminary injunctions under Fed. R. Civ. P. 65(a)).

Spradlin lives in an apartment in the Riverside Apartment complex located in Middleport, Ohio. (Doc. # 1 ¶ 1, 10, 14). Defendant Riverside Apartments ("Riverside") is an Ohio corporation licensed to do business in Ohio. *Id.* at 6. Defendant Terry Thacker ("Thacker") is an agent of Defendant Riverside Apartments and an Ohio resident. *Id.* at ¶ 7. Defendant Betron, Inc. ("Betron") is licensed to do business in Ohio and operates a place of business in Ohio. *Id.* at ¶ 8. Defendant Ronald B. Mason ("Mason") is an agent of Betron who

1

conducts business in Ohio and is a resident of North Carolina. *Id.* at ¶ 9. Each Defendant has conducted business in Middleport, Ohio. *Id.* at 10.

Riverside participates in the United States Department of Agriculture's Rural Housing Development Service and/or the Farmer's Home Administration. Thus, Riverside Apartments receives federal funding for the complex in which Spradlin resides. *Id.* at ¶ 13.

Spradlin suffers from severe health problems including nerve damage, depression, bone disease, heart disease, asthma, and orthopedic handicaps. *Id.* at ¶ 11. Spradlin's lease with Riverside is through the "Rural Development" program, which subsidizes her rent payments because of her limited income and handicaps. *Id.* at ¶ 14.

According to Spradlin, Defendants refuse to make reasonable accommodations to her apartment to accommodate her disabilities in violation of the Fair Housing Act, 43 U.S.C. § 3601. *Id.* at ¶ 15. Moreover, Spradlin claims that Defendants harassed and blocked Spradlin from parking in a handicapped space in front of her apartment when she had a handicapped parking permit. *Id.* at ¶ 16. Spradlin also alleges that Defendants have attempted to coerce Spradlin into vacating her apartment so that Thacker's girlfriend can move into her apartment. *Id.* at ¶ 18.

Most importantly, however, Defendants have initiated eviction procedures against her. As such, Spradlin now moves the Court for a temporary restraining order to prevent the eviction proceedings from going forward.

**DISCUSSION**

Spradlin brings her motion pursuant to Fed. R. Civ. P. 65(b). That rule provides in relevant part:

> (b) Temporary Restraining Order; Notice; Hearing; Duration. A temporary restraining order may be granted without written or oral notice to the adverse party or that party's attorney only if (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and (2) the applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required. Every temporary restraining order granted without notice shall be indorsed with the date and hour of issuance; shall be filed forthwith in the clerk's office and entered of record; shall define the injury and state why it is irreparable and why the order was granted without notice; and shall expire by its terms within such time after entry, not to exceed 10 days, as the court fixes, unless within the time so fixed the order, for good cause shown, is extended for a like period or unless the party against whom the order is directed consents that it may be extended for a longer period. The reasons for the extension shall be entered of record. In case a temporary restraining order is granted without notice, the motion for a preliminary injunction shall be set down for hearing at the earliest possible time and takes precedence of all matters except older matters of the same character; and when the motion comes on for hearing the party who obtained the temporary restraining order shall proceed with the application for a preliminary injunction and, if the party does not do so, the court shall dissolve the temporary restraining order. On 2 days' notice to the party who obtained the temporary restraining order without notice or on such shorter notice to that party as the court may prescribe, the adverse party may appear and move its dissolution or modification and in that event the court shall proceed to hear and determine such motion as expeditiously as the ends of justice require.

Preliminarily, the Court notes that Spradlin indicates that she would suffer immediate and irreparable injury, loss, or damage before the Defendants could be contacted. (Doc. # 2). Additionally, Spradlin's attorneys have filed an affidavit indicating that they tried to get in contact with Defendants in accordance with Rule 65(b). (Doc. # 3). As a result, the Court holds that Spradlin has satisfied Rule 65's notice requirements.

In determining whether to issue a temporary restraining order under Rule 65 of the

Federal Rules of Civil Procedure, a court is to consider: 1) whether the movant has shown a strong or substantial likelihood of success on the merits; 2) whether irreparable harm will result without an injunction; 3) whether issuance of a preliminary injunction will result in substantial harm to others; and 4) whether the public interest is advanced by the injunction. *Michigan State AFL-CIO v. Miller*, 103 F.3d 1240, 1249 (6th Cir.1997).

To begin, the Court holds that Spradlin has shown a strong or substantial likelihood of success on the merits.

Next, the Court holds that Spradlin will suffer irreparable harm without the temporary restraining order.  Specifically, Spradlin would be forced to find another place to live and move the contents of her apartment in an extremely short period of time while suffering severe health problems.

Third, the Court holds that the issuance of a temporary restraining order will not result in substantial harm to others.  Indeed, the Court cannot discern a single individual who might be harmed in this instance, and finds that issuing a temporary restraining order would serve the public interest by upholding the goals of the Fair Housing Act.

As such, Spradlin's motion for a temporary restraining order is **GRANTED**. Defendants are hereby enjoined from evicting Spradlin from 271 North Front Avenue # 101, Middleport, Ohio 45760 until May 11, 2005 at 9:00 a.m.  Defendants are further enjoined from preventing Spradlin from using the handicapped parking space located closest to her apartment.

No bond is required at this time.

The Court will conduct a preliminary injunction hearing on this matter on May 11, 2005

at 9:00 a.m. in court room # 4.

    **IT IS SO ORDERED.**


      /s/   Gregory L. Frost

    **GREGORY L. FROST**

    **UNITED STATES DISTRICT JUDGE**