IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Penny Spradlin,                         :

    Plaintiff,                      :

  v.                                    :    Case No. 2:05-cv-0435

Village Manor/Riverside                 :    MAGISTRATE JUDGE KEMP
Apartments, et al.,
                                        :
    Defendants.

OPINION AND ORDER

On November 2, 2005, defendants Village Manor/Riverside Apartments, Terry Thacker, Bentron, Inc., and Ronald B. Mason (collectively known as "defendants") filed a motion for summary judgment. In response, plaintiff Penny Spradlin, who at the time was a plaintiff proceeding pro se, filed a motion to appoint counsel, which this Court granted.

After counsel for Ms. Spradlin entered an appearance, a status conference was held and this Court entered an Order stating, *inter alia*, that:

> It was agreed that the parties would limit their discovery efforts in the near term to discovery necessary for plaintiff to respond to the pending summary judgment motion. Other discovery will be permitted should the motion be denied. The parties were directed to discuss what discovery is needed in order for plaintiff to respond, and to submit a schedule for that discovery as well as to propose a date for the response.

(Order (doc. #53) March 13, 2006.) Pursuant to this Order, plaintiff conducted limited discovery and responded to defendants' motion for summary judgment. Moreover, Ms. Spradlin also filed motions to strike certain documents attached to defendants' motion

for summary judgment.

In response, defendants replied to Ms. Spradlin's memorandum in opposition to the defendants' motion for summary judgment but also requested, in the alternative, a motion to stay summary judgment proceedings upon the procurement and submission of further evidence in support of summary judgment.  In defendants' motion to stay summary judgment proceedings, the defendants claim, *inter alia*, that defendants "were forced to file summary judgment relying only upon their own documents, affidavits and upon Plaintiff's incomplete deposition."  (Reply to Plaintiff's Opposition to Defendants' Motion to Stay Summary Judgment Proceedings (doc. #85) at pp. 1-2 (footnote omitted)).  Moreover, defendants highlight this Court's March 13, 2006 Order, which defendants argue allows them to supplement discovery if the motion for summary judgment is denied.  (Id. at p. 2.)

Defendants contend that they could not conduct discovery prior to filing their motion for summary judgment due to Ms. Spradlin's alleged lack of cooperation.  Further, defendants suggest that defendants could not conduct discovery from March 31, 2006 to May 19, 2006 (the time frame which Ms. Spradlin was permitted to conduct discovery in order to respond to defendants' motion for summary judgment).  According to defendants, therefore, they were not permitted the opportunity to fully conduct discovery. Defendants state:

> Despite this, Plaintiff suggests that Defendants should not be permitted to conduct discovery because they have allegedly been granted two opportunities to file for summary judgment.  That is misleading.  In fact, Defendants have not been adequately accorded one opportunity.  Prior to March 31, 2006, Defendants had virtually no opportunity to conduct discovery.  For this reason, Defendants had to rely upon the evidence obtained in the aborted deposition of Plaintiff or evidence uncovered by Plaintiff's

2

> attorney. In not conducting their own discovery beyond their initial Summary Judgment motion, Defendants complied with Plaintiff's request and the Court's Orders. Defendants should not be penalized as a result of their compliance.

(Id. at p. 5 (internal citation omitted).)

Ms. Spradlin opposes the defendants' request to stay the summary judgment proceedings because defendants have already had an opportunity to conduct discovery. Additionally, Ms. Spradlin contends that conducting further discovery is an exercise in futility because defendants' briefs in support of their motion for summary judgment reveal that genuine issues of material fact exist.

After reviewing the record, this Court concludes that, in light of the defendants' difficulty in obtaining discovery from Ms. Spradlin, who was acting pro se prior to this Court's appointing counsel, and in light of Ms. Spradlin's opportunity to conduct discovery after defendants filed their motion for summary judgment, which may have revealed additional evidence that defendants could not use in their motion for summary judgment, it is more appropriate to deny the defendants' motion for summary judgment without prejudice. The Court will reopen discovery so that both parties have an opportunity to conduct full and fair discovery. After discovery is completed, the parties may resubmit motions for summary judgment. This will not only preserve judicial economy but also save both parties from expending unnecessary time and expenses.

Accordingly, defendants' motion for summary judgment (doc. #41) is DENIED WITHOUT PREJUDICE. Defendants' motion to stay summary judgment proceedings (docs. #71 and 75) and plaintiffs' motions to strike (docs. #67 and 83) are MOOT and therefore removed from the docket. Both parties are instructed to contact the Court to set up a status conference to discuss how long discovery will be

reopened and to establish new deadlines for dispositive motions.


                                                  /s/ Terence P. Kemp
                                                  United States Magistrate Judge