IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Penny Spradlin, | : | |
| Plaintiff, | : | |
| v. | : | Case No. 2:05-cv-0435 |
| Village Manor/Riverside Apartments, et al., | : | MAGISTRATE JUDGE KEMP |
| | : | |
| Defendants. | | |

OPINION AND ORDER

This matter is before the Court on a motion for a protective order and for sanctions filed by defendants Village Manor/Riverside Apartments, Terry Thacker, Bentron, Inc., and Ronald B. Mason. Also before the Court is plaintiff Penny Spradlin's motion to strike scandalous hearsay material from defendants' motion for a protective order and for sanctions and motion for attorneys' fees pursuant to Rule 37(A)(4). For the following reasons, the defendants' motion for a protective order is granted to the extent outlined below. Additionally, defendants' motion for sanctions and Ms. Spradlin's motions to strike and for attorneys' fees are denied.

I. Protective Order

During the course of discovery in this case, Ms. Spradlin's appointed counsel photocopied confidential information about tenants living at the Riverside Apartments. The photocopied tenant files contained information such as wage and income verification, documentation concerning medical restrictions, disability status and family status. (Aff. of Scott Robinson at ¶3.) Defendants claimed to have learned through second-hand information that Ms. Spradlin received this confidential information and was

disseminating it to other tenants at Riverside Apartments. (Id. at ¶¶7-9.)  Further, the defendants claim that Ms. Spradlin is using the confidential tenant information as "blackmail." (Reply to Plaintiff's Brief in Opposition to Defendants' Motion for Protective Order (doc. #74) at p. 10.)

In response, Ms. Spradlin's counsel asserts that Ms. Spradlin has not received any copies of the confidential tenant information. Ms. Spradlin's counsel claims that the only discovery that Ms. Spradlin received was (1) a photocopy of her Ohio Civil Rights Commission ("OCRC") file, which is public information that could be obtained through the OCRC and (2) copies of depositions taken throughout the course of discovery.

Fed.R.Civ.P. 26( c) states, in relevant part, that:

> **Protective Orders**. Upon motion by a party ... accompanied by a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action, and for good cause shown, the court in which the action is pending ... may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense ....

The burden of establishing good cause for such an order is with the movant. Lewis v. St. Luke's Hosp. Assoc., 132 F.3d 33 (6th Cir. 1997)(unpublished); Nix v. Sword, 11 Fed.Appx. 498 (6th Cir. 2001)(unpublished)(citing General Dynamics Corp. v. Seib Mfg. Co., 481 F.2d 1204, 1212 (8th Cir. 1973)).  To demonstrate good cause for a protective order, the movant must articulate specific facts showing "clearly defined and serious injury" resulting from the discovery sought and cannot rely on conclusory statements.  Nix, 11 Fed.Appx. 498; Lewis, 132 F.3d 33 (citing Avirgan v. Hull, 118 F.R.D. 252, 254 (D.D.C. 1987)).

In the instant case, there is no doubt that photocopied tenant files containing information about wage and income verification,

documentation concerning medical restrictions, disability status and family status are confidential and personal information. Accordingly, this Court concludes that a protective order must be issued. The protective order will provide that, the parties, attorneys and expert witnesses will be the only individuals allowed to view and analyze the photocopied tenant files. If the parties, attorneys or expert witnesses wish to share the information contained in the photocopied tenant files with third parties, the parties will be encouraged to work out an agreement amongst themselves. If no such agreement can be reached, the parties may contact the Court for a discovery ruling.

Defendants request that such a protective order be applied retroactively. That request will be denied. The Court is not certain what the defendants have in mind, but the Court will not deem conduct that may have occurred in the past to violate an order that has not yet issued. Finally, while defendants' allegation that Ms. Spradlin is disseminating confidential information to other tenants is troublesome, this Court concludes that such allegations are based on hearsay and are not substantiated by specific facts. Thus, the Court cannot base any ruling or decision on that information.

## II. Motion to Strike

In Ms. Spradlin's motion to strike, she argues that, pursuant to Fed.R.Civ.P. 12(f) and this Court's "inherent powers to regulate the conduct of the attorneys who appear before it," the Court should strike the portions of the motion for a protective order that contain references to Ms. Spradlin's "alleged (and past) drug use." (Motion to Strike (doc. 68) at pp. 3-4.) Specifically, Ms. Spradlin claims that those statements are irrelevant to the motion for a protective order and are scandalous under Rule 12.

In response, the defendants first argue that Ms. Spradlin's activities surrounding her alleged past drug use is relevant

because, according to the deposition testimony cited in the motion for a protective order, she recorded her drug sales to blackmail individuals. Therefore, like the alleged drug blackmail, the defendants suggest that Ms. Spradlin is using the confidential tenant information for blackmail as well. Second, the defendants contend that a Rule 12 motion to strike is used only for striking pleadings, and a motion for a protective order is not a pleading.

Preliminarily, this Court notes that Rule 12(f) is an inappropriate vehicle to use in order to strike information from a motion for a protective order. Fed.R.Civ.P. 12(f) ("Upon motion made by a party before responding to a pleading ... the court may order stricken from *any pleading* any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter")(emphasis added); Fed.R.Civ.P. 7(a)(defining pleading); see also Fox v. Michigan State Police Dept., 173 Fed.Appx. 372, 375 (6th Cir. 2006)(unpublished)("Exhibits attached to dispositive motion are not 'pleadings' within the meaning of Fed.R.Civ.P. 7(a) and are therefore not subject to a motion to strike under Rule 12(f)"). Further, this Court concludes that defendants' references to Ms. Spradlin's alleged drug use and record of drug transactions are relevant to defendants' motion in support of a protective order. Even though the basis of defendants' argument is allegedly based on hearsay testimony, it is apparent that the defendants were attempting to link Ms. Spradlin's previous alleged blackmail scheme to any alleged current blackmail scheme involving the confidential tenant information. Accordingly, the Court concludes that the motion to strike has no merit.

### III. Attorneys' Fees and Sanctions

Ms. Spradlin seeks attorneys' fees under Fed.R.Civ.P. 37(A)(4) for all expenses attributable to responding to defendants' motion for a protective order. This motion is denied because defendants' motion for a protective order will be granted to the extent

outlined above.  Further, defendants' motion for sanctions will be denied because, as indicated, there are no specific facts that this Court can examine to determine whether Ms. Spradlin has disseminated confidential tenant information. To the contrary, Ms. Spradlin's appointed counsel denied giving Ms. Spradlin any confidential information outside of previously taken depositions and Ms. Spradlin's OCRC file.

IV.

Based on the foregoing reasons, defendants' motion for a protective order (doc. #64) is GRANTED to the following extent. Confidential and personal tenant information such as wage and income verification, documentation concerning medical restrictions, disability status and family status can only be viewed by the attorneys, parties and expert witnesses in this case and shall be used only for purposes related to this litigation.  If any such information is submitted to the Court, it shall be filed under seal.  If the parties wish to show this confidential information to individuals other than attorneys, parties, and expert witnesses, the parties must first confer to determine if a resolution can be reached.  If no such agreement can be reached, the parties may contact the Court for a discovery ruling.

Further, defendants' motion for sanctions (doc. #64) and Ms. Spradlin's motions to strike (doc. # 68) and for attorneys' fees (doc. # 69) are DENIED.

/s/ Terence P. Kemp
United States Magistrate Judge